## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| LAZARO SUAREZ, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 20-cv-5915 |
| vs. | ) ) | |
| CHARLES TYRWHITT, INC., | ) ) | Jury Demanded |
| Defendant. | ) ) | |

## CLASS ACTION COMPLAINT

Plaintiff Lazaro Suarez, on behalf of himself and a putative class, brings this Class Action Complaint against Defendant Charles Tyrwhitt, Inc. for its violation of the Illinois Biometric Privacy Act, and alleges the following:

## NATURE OF THE ACTION

1. When employees are hired at Charles Tyrwhitt, Inc. ("Charles Tyrwhitt") they have their fingerprints scanned into one of its biometric time clocks.

2. Each day the employees press their finger into the time clock to "punch" in and out, so that Charles Tyrwhitt may record its employees' arrival, departure, and break times.

3. The use of biometric time clocks in the workplace entails serious risks. Unlike key fobs, identification cards, or identification codes or pins —which can be changed or replaced if stolen or compromised— fingerprints are permanent, unique biometric identifiers associated with the employee. Fingerprints are permanent, unique biometric identifiers that will be associated with the employee forever, whereas other security measures that may be misplaced or stolen can be

deactivated. Keeping employees' biometric identifiers on file exposes them to serious privacy risks like identity theft and unauthorized tracking.

4. Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA") to regulate private entities that collect and store biometric identifiers, such as fingerprints.

5. Charles Tyrwhitt violated its employees' privacy rights by unlawfully collecting, storing, and/or using their biometric data and information not in accordance with BIPA.

## PARTIES

6. Plaintiff Lazaro Suarez is a natural person and resident of this district, and a former employee of the Defendant.

7. Defendant Charles Tyrwhitt, Inc., a subsidiary to the foreign company Charles Tyrwhitt, which is based in London, United Kingdom, is a Delaware corporation.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA") because the parties and putative class members are minimally diverse and the aggregate amount in controversy is greater than $5,000,000.

9. This Court has personal jurisdiction over the Defendant because they conduct a substantial amount of business here and committed a tortious act in Illinois, which forms the basis of Plaintiff's claims.

10. Venue is proper here under 28 U.S.C. § 1391(b)(2) because a substantial amount of the acts and omissions giving rise to the claims occurred in Illinois.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

11. Defendant has two stores in Illinois: a Chicago location at 208 South LaSalle Street, Chicago, Illinois, 60604 and an Oak Brook location at 290 Oakbrook Center, Oak Brook, IL 60523.

12. Plaintiff was employed at the Chicago Charles Tyrwhitt store until August 2019.

13. At the start of his employment, prior to September 2016, his fingerprint was scanned and saved for the purpose of tracking his work hours.

14. Charles Tyrwhitt stored Plaintiff's and its other employees' fingerprint data in their computer system.

15. When Plaintiff and other employees at Charles Tyrwhitt began and ended their workdays, and when they took breaks, they were required to press their finger into Charles Tyrwhitt's fingerprint scanner time clock to register their arrival or departure.

16. These numerous unlawful captures of biometric data amount to at least twice per day, per at least one employee, not accounting for inevitable scans taken at breaktime. For a store that is open six days a week, such as the Charles Tyrwhitt Chicago location, and excluding public holidays, this adds up to at least two scans on 302 days per year. At a store that is open seven days a week, such as the Oak Brook location, and still accounting for public holidays, there would be at least two scans on 354 days per year. At a minimum, accounting only for one employee working per day, in two stores, over four years, this amounts to 5,248 individual captures of fingerprint scans.

17. More than ten years ago, the Illinois Legislature recognized the promises and perils of biometric identification technology. It passed the Biometric Information Privacy Act, 740 ILCS

§ 14/1 *et seq.*, to establish and safeguard Illinois' residents absolute right to control their biometric data.

18. Under the act, a fingerprint is a biometric identifier. *Id.* at § 14/10.

19. Defendant's practice is to scan the fingerprints of its numerous employees for future use.

20. Biometric information is any information derived from a biometric identifier, regardless of how it is captured, stored, or shared. *Id.*

21. Plaintiff's and Class members' fingerprints were stored and are later used to identify them.

22. Under the act, a private entity in possession of either biometric identifiers or information must develop a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying the information or identifiers. *Id.* § 14/15(a).

23. Defendant has not provided any policy establishing either a retention schedule or guidelines for permanently destroying the biometric data. Plaintiff was not informed of any such policy.

24. Under the act, a private entity is prohibited from collecting, capturing, or otherwise obtaining a person's biometric information or identifier unless it first: a) informs the subject in writing that the information or identifier is being collected or stored; b) informs the subject in writing of the specific purpose and length of term for which the information or identifier is being collected, stored, or used; and, c) receives a written release from the subject of the information or identifier. *Id.* at § 14/15(b).

25. Plaintiff or any member of the Class were not, at any relevant time, informed in writing of any of the information required under § 14/15(b). Neither the Plaintiff nor members of the putative Class executed a written release to their employer.

4

26. Charles Tyrwhitt has employed dozens of employees across its two stores in Illinois in the past four years.

27. On information and belief, one or more employees or prior employees who worked in an Illinois store moved out of state, either to work at another Tyrwhitt location or because their employment with Tyrwhitt ended.

28. Defendant never informed Plaintiff that they were deleting his biometric information upon his departure, thus Defendant still likely holds his and other prior employees' biometric data.

29. On information and belief, Charles Tyrwhitt disclosed, re-disclosed, or otherwise disseminated their employee's biometric information by making it available to other store employees, managers, and security staff.

30. Similarly, Charles Tyrwhitt failed to protect and/or their employee's biometric information adequately by allowing multiple employees and other individuals to access the fingerprint database.

## CLASS ALLEGATIONS

31. Lazaro Suarez brings this action on behalf of himself and under Fed. R. Civ. P. 23, on behalf of a class defined as:

> All persons in the United States who are or were employed by Charles Tyrwhitt, and whose fingerprint is or was collected, captured or otherwise obtained by the store, at any time from four years before the date of Plaintiff's original complaint to the date the class is certified.

Plaintiff reserves the right to amend or modify the Class definition as necessary following discovery.

32. The Class is so numerous that joinder is impracticable.

33. Defendant has captured hundreds of fingerprint scans of their various employees, in violation of the Act, and is subject to damages for each capture.

34. On information and belief, Charles Tyrwhitt employed dozens of employees across two locations in Illinois over the prior four years.

35. Common questions of law and fact exist and predominate over individual questions and include:

    a. Whether Defendant collected, captured, or otherwise obtained the Class's biometric identifiers;

    b. Whether Defendant informed Class members in writing of the specific purpose for collecting, using, and storing their biometric identifiers;

    c. Whether any of the members consented, via a written release, to their biometric identifier being used and stored by Defendant;

    d. Whether Defendant developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers;

    e. Whether Defendant disclosed, re-disclosed, or disseminated any of their employee's biometric information.

    f. Whether Defendant protected their employee's biometric information with the requisite level of care.

    g. Whether an individual's unique biometric identifier, such as a fingerprint, is intangible personal property or whether they have property right in such identifiers and information;

    h.    Whether Defendant owes a duty to Class members, whether that duty was breached, and whether it resulted in harm to the Class members;

    i.    The extent of any damages incurred by Class members as a result of Defendant's actions.

36.    Plaintiff's claims are also typical and co-extensive with the claims of the class because he and members of the Class have all suffered the same injuries as a result of identical conduct by Defendant.

37.    Plaintiff will fairly and adequately protect the interests of the proposed Class and he has retained counsel with experience in consumer law, Illinois law, and federal class actions.

38.    A class action is superior to other methods of adjudication. The Class seeks injunctive relief applicable to the Class as a whole; due to the complexity of the claims, individual actions are not likely to be economically feasible; individual litigation would be a burden on the courts and result in delay and inconsistent results.

## COUNT I – VIOLATION OF THE BIOMETRIC INFORMATION PRIVACY ACT

39.    Plaintiff restates and alleges the above paragraphs, 1-38, as if set forth fully herein.

40.    Defendant violated BIPA 740 ILCS § 14/15(a) by failing to develop and maintain a publicly available retention and destruction schedule.

41.    Defendant violated BIPA 740 ILCS § 14/15(b) by obtaining biometric identifiers without making the required disclosures and receiving a written release from each Class member.

42.    Defendants violated BIPA 740 ILCS § 14/15(d) by disclosing, re-disclosing, or disseminating Plaintiff's and the Class members' biometric information.

43.    Defendants violated BIPA 740 ILCS § 14/15(e) by failing to store, transmit, and protect the fingerprint database with the requisite level of care.

44. Defendant used Plaintiff's and the Class members' fingerprints to identify them, and thus that fingerprint data is "biometric information" under BIPA. *See* 740 ILCS § 14/10.

45. Defendant's violation of the rights of Plaintiff and the Class under BIPA render them liable to Plaintiff and the Class members for $1,000 or $5,000 in liquidated damages per violation, and equitable relief, attorneys' fees and costs. 750 ILCS 14/20.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lazaro Suarez, on behalf of himself the Class, respectfully requests that the Court enter an Order:

A. Certifying this case as a class action on behalf of the Class defined above (or on behalf of such other class the Court deems appropriate), appointing Plaintiff as representative of the Class, and appointing his attorneys as class counsel;

B. Awarding liquidated damages of $1,000 for each negligent violation, and $5,000 for each intentional or reckless violation, of BIPA that Defendant committed;

C. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an order requiring Defendant to destroy their biometric identifiers and information after termination of the employment relationship;

D. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs; and

E. Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted:
/s/ Michael W. Drew

Michael Drew
Neighborhood Legal LLC
20 N. Clark Street #3300
Chicago, IL 60602
312-967-7220
mwd@neighborhood-legal.com

8

Michael Wood  
Community Lawyers LLC  
20 N. Clark Street, Suite 3100  
Chicago, IL 60602  
Tel (312) 757-1880  
mwood@communitylawyersgroup.com